UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

BAYE NIASS, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

TGB RESTAURANT GROUP LLC d/b/a THE GRANOLA BAR, THE GRANOLA BAR AT 86, LLC, THE GRANOLA BAR ON MADISON, LLC, and XYZ CORPS 1-4.

Defendants.

-----------------------------------X

Case No.: 26cv4602

**AMENDED CLASS & COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff BAYE NIASS (“**Plaintiff**”), on behalf of himself and all others similarly situated, brings this action against defendant TGB RESTAURANT GROUP LLC d/b/a THE GRANOLA BAR, THE GRANOLA BAR AT 86, LLC, THE GRANOLA BAR ON MADISON, LLC, and XYZ CORPS 1-4 (“**Defendant**”) alleging as follows:

## PRELIMINARY STATEMENT

1. Defendants employed Plaintiff as a “general manager” at two of their fast-casual dining restaurants from on or about August 19, 2024, until his wrongful termination on or about April 17, 2026. Defendants misclassified Plaintiff as an exempt employee under New York’s managerial exemption, despite the fact his primary duties involved preparing and serving food and beverages, bussing tables, and other manual labor, which accounted for approximately 80% of Plaintiff’s work hours. As a result of this misclassification, Plaintiff received a flat salary in violation of New York’s wage & hour laws. Plaintiff was later terminated for invoking his right to paid family leave.

2. Plaintiff now brings this action for unpaid regular and overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the “**FLSA**”) and the New York Labor Law

§ 190, *et seq.* (the "**NYLL**"), seeking compensatory and liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants own and operate restaurants in this District and because a majority of the acts and/or omissions giving rise to this action occurred there.

**JURY DEMAND**

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

**PARTIES**

7. Plaintiff BAYE NIASS is a natural person residing in the State of New York.

8. Defendant TGB RESTAURANT GROUP LLC d/b/a THE GRANOLA BAR ("**TGB**") is a limited liability company organized and existing under the laws of the State of Connecticut.

9. TGB owns upscale fast-casual dining establishments in multiple states, including New York and Connecticut.

10. Defendant THE GRANOLA BAR AT 86, LLC (the "**86th Street Restaurant**") is a limited liability company organized and existing under the laws of the State of New York.

11. Upon information and belief, it is a wholly owned subsidiary of TGB formed to hold and operate a Granola Bar establishment at 551 Amsterdam Avenue in New York City.

12. Defendant THE GRANOL BAR ON MADISON, LLC (the "**Madison Restaurant**") is a limited liability company existing under the laws of the State of New York.

13. Upon information and belief, it is a wholly owned subsidiary of TGB formed to hold and operate a Granola Bar establishment at 330 Madison Avenue in New York City.

14. Defendants XYZ Corps 1-4 (together with the 86th Street Restaurant and the Madison Restaurant, the "**Restaurants**") are TGB subsidiaries formed to hold and operate other Granola Bars in and around the New York City Metro Area.

15. Defendants are enterprises engaged in commerce within the meaning of the FLSA in that they own and operate restaurants in multiple states and routinely handle food products and other goods and materials moved in interstate commerce. Upon information and belief, their annual revenues exceed $500,000.

16. Defendants individually and/or jointly employed Plaintiff, and all similarly situated employees, within the meaning of the FLSA and NYLL.

## STATEMENT OF FACTS

17. TSG owns multiple upscale fast-casual dining establishments known as The Granola Bar, which are operated through TSG subsidiaries including, but not limited to, the 86th Street Restaurant and the Madison Restaurant.

18. Defendants employed Plaintiff, within the meaning of the FLSA and NYLL, from on or about August 19, 2024, until on or about April 17, 2026.

19. Upon information and belief, Defendants maintained a policy and/or practice of paying their "managers" and "general managers" a flat salary, regardless of how many hours they worked.

20. Plaintiff was paid a flat salary of approximately $110,000 per year, plus medical benefits.

21. Plaintiff was initial a "general manager" at the Granola Bar establishment located at 551 Amsterdam Avenue from on or about August 19, 2024, until in or around January 2026.

22. His primary duties involved preparing and serving food and beverages, bussing tables, and other manual labor, which accounted for approximately 80% of Plaintiff's work hours.

23. He typically worked around 80 hours per work week.

24. In or around January 2026, Plaintiff was transferred to the new, soon to open, Granola Bar establishment at 330 Madison Avenue.

25. His primary duties involved assisting with the store build-out, including significant manual labor.

26. Plaintiff's child was born on March 15, 2026.

27. Plaintiff requested and was granted Paid Family Leave ("**PFL**") and/or protected leave under the Family and Medical Leave Act ("**FMLA**") (together, "**Leave**").

28. While on Leave, Plaintiff received multiple calls from Defendants pressuring him to return to work early.

29. Plaintiff returned from Leave on or about April 13, 2026.

30. Defendants terminated Plaintiff's employment on or about April 17, 2026.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings the FLSA claims asserted in this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and a collective consisting of all persons employed at and working in one or more of the Restaurants' physical locations at any time from

May 2023 through entry of judgment in this case, who were paid on a non-hourly basis (the "**Collective Members**").

32. At all times relevant to this action, Defendants maintained and enforced common compensation policies and practices that affected Plaintiff and the Collective Members.

33. Upon information and belief, at any given time Defendants employed in excess of 15 persons qualifying as Collective Members.

34. Plaintiff and the Collective Members were subject to the same unlawful pay practices and are similarly owed unpaid regular and overtime wages.

35. Plaintiff and the Collective Members were improperly classified as exempt employees.

36. Upon information and belief, Plaintiff and the Collective Members regularly worked in excess of forty hours per week.

37. Upon information and belief, Plaintiff and the Collective Members were not paid for each hour worked and/or were not paid overtime wages.

38. The factual and legal issues raised by Plaintiff's claims are substantially similar to those raised by the Collective Members' claims, including, but not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether the Class Members were improperly classified as exempt employees;

c. whether Defendants maintained a policy and/or practice of paying Class Members a flat salary;

d. whether Defendants' policy and/or practice was unlawful and whether the Class Members were entitled to hourly pay plus overtime wages;

e. whether Defendants acted willfully or with reckless disregard for the labor laws; and

f. whether Defendants are jointly and severally liable for damages.

39. The Collective Members are readily identifiable from Defendants' payroll records, personnel files, time records, tax records, and/or other business records.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings the state law claims asserted in this action as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class consisting of all persons employed at and working in one or more of the Restaurants' physical locations at any time from May 2020 through entry of judgment in this case, who were paid on a non-hourly basis (the "**Class Members**").

41. The number and identity of the Class Members is readily ascertainable from Defendants' payroll records, personnel files, time records, tax records, and/or other business records.

42. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

43. The Class Members are so numerous as to make joinder of all members impracticable.

44. Upon information and belief, at any given time Defendants employed in excess of 15 persons qualifying as Class Members.

45. Plaintiff and the Class Members were subject to the same unlawful pay practices and are similarly owed unpaid regular and overtime wages.

46. Upon information and belief, Plaintiff and the Class Members regularly worked in excess of forty hours per week.

47. Upon information and belief, Plaintiff and the Class Members were not paid for each hour worked and/or were not paid overtime wages.

48. Common questions of law and fact predominate over questions affecting individual Class Members, including, but not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether the Class Members were improperly classified as exempt employees;

c. whether Defendants maintained a policy and/or practice of paying Class Members a flat salary;

d. whether Defendants' policy and/or practice was unlawful and whether the Class Members were entitled to hourly pay plus overtime wages;

e. whether Defendants acted willfully or with reckless disregard for the labor laws; and

f. whether Defendants are jointly and severally liable for damages.

49. Plaintiff's claims are typical of the Class Members' claims.

50. Plaintiff, like all Class Members, was employed by Defendants within the meaning of the NYLL and was subject to the same official and/or unofficial pay policies and/or practices.

51. If Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all the Class Members.

52. Plaintiff and their Counsel will fairly and adequately represent the Class Members. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages. Plaintiff's counsel is competent and experienced in wage and hour litigation and is well-prepared to represent the Class Member's interests.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. The Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

55. Defendants are sophisticated parties with significant resources. The Class Members lack adequate resources necessary to vigorously prosecute this action on an individual basis.

56. Class action litigation will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

## CAUSES OF ACTION

### COUNT I
### Unpaid Wages
(Under the Fair Labor Standards Act)

57. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if stated here in full.

58. Defendants employed Plaintiff and the Collective & Class Members within the meaning of the FLSA.

59. Plaintiff and the Collective & Class Members' primary duties were performance of manual labor.

60. Plaintiff and the Collective & Class Members were non-exempt employees under the FLSA.

61. Plaintiff and the Collective & Class Members were entitled to a hourly rate of pay for each and every hour worked.

62. Defendants regularly and routinely failed to pay Plaintiff and the Collective & Class Members for all hours worked.

63. Defendants' failure was willful and intentional.

64. Plaintiff and the Collective & Class Members were injured by Defendant's illegal conduct.

**COUNT II**
**Unpaid Wages**
(Under the New York Labor Law)

65. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if stated here in full.

66. Defendants employed Plaintiff and the Collective & Class Members within the meaning of the NYLL.

67. Plaintiff and the Collective & Class Members' primary duties were performance of manual labor.

68. Plaintiff and the Collective & Class Members were non-exempt employees under the NYLL.

69. Plaintiff and the Collective & Class Members were entitled to a hourly rate of pay for each and every hour worked.

70. Defendants regularly and routinely failed to pay Plaintiff and the Collective & Class Members for all hours worked.

71. Defendants' failure was willful and intentional.

72. Plaintiff and the Collective & Class Members were injured by Defendant's illegal conduct.

**COUNT III**
**Unpaid Overtime Wages**
(Under the Fair Labor Standards Act)

73. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if stated here in full.

74. Defendants employed Plaintiff and the Collective & Class Members within the meaning of the FLSA.

75. Plaintiff and the Collective & Class Members' primary duties were performance of manual labor.

76. Plaintiff and the Collective & Class Members were non-exempt employees under the FLSA.

77. Plaintiff and the Collective & Class Members were entitled to one and one-half times their regular rate of pay for each hour worked in excess of forty hours per work week.

78. Plaintiff and the Collective & Class Members regularly and routinely worked more than forty hours per work week.

79. Defendants failed to pay Plaintiff and the Collective & Class Members required overtime wages.

80. Defendants' failure was willful and intentional.

81. Plaintiff and the Collective & Class Members were injured by Defendant's illegal conduct

**COUNT IV**
**Unpaid Overtime Wages**
(Under the New York Labor Law)

82. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if stated here in full.

83. Defendants employed Plaintiff and the Collective & Class Members within the meaning of the NYLL.

84. Plaintiff and the Collective & Class Members' primary duties were performance of manual labor.

85. Plaintiff and the Collective & Class Members were non-exempt employees under the NYLL.

86. Plaintiff and the Collective & Class Members were entitled to one and one-half times their regular rate of pay for each hour worked in excess of forty hours per work week.

87. Plaintiff and the Collective & Class Members regularly and routinely worked more than forty hours per work week.

88. Defendants failed to pay Plaintiff and the Collective & Class Members required overtime wages.

89. Defendants' failure was willful and intentional.

90. Plaintiff and the Collective & Class Members were injured by Defendant's illegal conduct.

**COUNT V**
**Wrongful Termination**
(Under the Fair Labor Standards Act)

91. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

92. Plaintiff was entitled to FMLA leave.

93. Plaintiff properly and legally exercised his right to FMLA leave.

94. Defendants regularly and routinely discouraged Plaintiff from using FMLA leave.

95. Defendants regularly and routinely harassed and bereted Plaintiff for using FMLA leave.

96. Defendants terminated Plaintiff because he exercised his right to FMLA leave.

97. Upon information and belief, Plaintiff would not have been terminated had he not exercised his right to FMLA leave.

98. Plaintiff was injured by Defendants' unlawful conduct, including but not limited to loss of income and wages, and is entitled to recover damages.

**COUNT VI**
**Wrongful Termination**
(Under the New York Labor Law)

99. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

100. Plaintiff was entitled to PFL.

101. Plaintiff properly and legally exercised his right to PFL.

102. Defendants regularly and routinely discouraged Plaintiff from using PFL.

103. Defendants regularly and routinely harassed and bereted Plaintiff for using PFL.

104. Defendants terminated Plaintiff because he exercised his right to PFL.

105. Upon information and belief, Plaintiff would not have been terminated had he not exercised his right to PFL.

106. Plaintiff was injured by Defendants' unlawful conduct, including but not limited to loss of income and wages, and is entitled to recover damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a) certify this action as a class and collective action;

b) authorize issuance of notice to all class members;

c) toll the statute of limitations for all class members;

d) award Plaintiff and the Class Members compensatory and liquidated damages for unpaid regular and overtime wages;

e) award Plaintiff and the Class Members pre- and post-judgment interest and reasonable attorney's fees and costs; and

f) such other and further relief as the Court deems just and proper.

Dated: July 16, 2026
New York, New York

Respectfully submitted,

Zachary Naidich

Zachary Naidich
NAIDICH LAW
*Attorney for Plaintiff*
123 5th Avenue, 5th Fl.
New York, NY 10003